# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ANDREW L. KICKING HORSE McCARTER,<br><br>　　　　　Plaintiff,<br>　　v.<br>ERICA LAKE, *et al.*,<br>　　　　　Defendants. | Case No. 2:20-cv-00112-DOC (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

　　　　Plaintiff, a state prisoner currently incarcerated at the California State Prison, Lancaster ("CSP-LAC"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on January 6, 2020. (ECF No. 1.) Plaintiff's request to proceed without prepayment of the filing fees was denied by the assigned District Judge, and plaintiff was ordered to pay the filing fees in full by no later than February 12, 2020. (ECF Nos. 2, 4.) Plaintiff paid a portion of the filing fees on February 5, 2020, and the Court ordered plaintiff to pay the balance of the filing fees by no later than March 6, 2020. (ECF No. 6.) To date, plaintiff has failed to pay the balance that is due. Accordingly, plaintiff is **ORDERED** to pay the outstanding balance of the filing fees within 30 days of this Order, or the Court will recommend that this case be dismissed.

In his Complaint, plaintiff names as defendants E. Lake, CSP-LAC's Community Resources Manager, in her individual and official capacities; J. Lazar, CSP-LAC's chaplain, in his individual and official capacities; R. Diaz, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), in his official capacity; and R. Johnson, the Warden of CSP-LAC, in his official capacity. (ECF No. 1 at 3-4, 10-12.) Plaintiff purports to raise four claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), under the Religious Exercise Clause of the First Amendment, for retaliation under the First Amendment, and for "Breach of Settlement Agreement." (*Id.* at 5, 27-30.) Plaintiff seeks injunctive relief to prevent "defendants" from continuing to implement or enforce unspecified "illegal actions, decisions, policies, and/or regulations" as well as damages. (*Id.* at 6, 31-32.)

Plaintiff's factual allegations begin with events from October 2014 (*id.* at 8, 16), and include a statement that the "parties" entered into a Settlement Agreement in June 2018 (*id.* at 8, 18). Plaintiff alleges that defendants agreed to construct a structure (a "sweat lodge") for use in plaintiff's religious exercises, referencing a "Settlement Agreement" from case no. 16cv05672-TJH (JEM) ("case 16cv05672"). (*Id.* at 8, 18.) Plaintiff then alleges that "defendants have breached the settlement agreement and continue to burden the exercise of [plaintiff's] sincere religious beliefs." (*Id.* at 8.)

In accordance with the terms of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the Complaint prior to ordering service for purpose of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c)(1).

The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or

(2) insufficient facts alleged under a cognizable legal theory. *See, e.g., Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under the PLRA, the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See, e.g., Soltysik v. Padilla*, 910 F.3d 438, 444 (9th Cir. 2018). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013); *see also Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). Nevertheless, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.' ... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) *a short and plain statement of the claim* showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be "wholly without merit." *See McHenry*, 84 F.3d at 1179.

In addition, pursuant to Fed. R. Evid. 201(b)(2) & (c)(1), a Court may, on its

4

own motion, take judicial notice of matters of public record such as judicial proceedings in an earlier action in this court. *See, e.g., United States v. Brugnara*, 856 F.3d 1198, 1209 (9th Cir. 2017) (a district court may properly take judicial notice of the court's own records under Fed. R. Evid. 201(b)); *Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that we may take judicial notice of judicial proceedings in other courts.").

Following careful review of the Complaint, the Court finds that plaintiff's claims are insufficient to state a claim arising under federal law upon which relief may be granted. Further, the pleading fails to comply with Rule 8 because it fails to state a short and plain statement of each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. In addition, it appears to the Court that plaintiff is attempting to raise a claim for the breach of a Settlement Agreement in case 16cv05672 over which this Court does not have jurisdiction. For these reasons, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days from the date of this Order, remedying the deficiencies discussed herein.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of this pleading, the Court will recommend that this action be dismissed without further leave to amend and with prejudice for failure to state a claim and failure to follow the Court's orders.[1]

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this

A. **Judicial Notice**

The Court takes judicial notice that plaintiff filed a previous civil rights action, case 16cv05672, on July 29, 2016, in the Central District of California against defendants D. Asuncion, then Acting Warden of CSP-LAC; S. Kernan, then Secretary of the CDCR; E. Lake, then Acting Community Resources Manager at CSP-LAC; J. Lazar, Chaplain at CSP-LAC; B. Russell, then Acting Community Resources Manager at CSP-LAC; D. Skaggs, then Community Resources Manager of the CDCR; and J. Soto, former Warden of CSP-LAC. The parties resolved the case and agreed to a voluntary **dismissal with prejudice pursuant to a Stipulation filed on June 7, 2018.** (case 16cv05672, ECF No. 67.) On June 11, 2018, the District Court dismissed the action in accordance with Rule 41(a)(1)(A)(ii), pursuant to the stipulation of the parties, and with prejudice. (*Id.*, ECF No. 68.) The Order of the District Court specified that there was "no prevailing party in the action." (*Id.*) No further action in the case was taken by the District Court; an interlocutory appeal to the Ninth Circuit filed by defendants was voluntarily dismissed on June 14, 2018. (*Id.*, ECF Nos. 41, 69.)

The Court also takes judicial notice of a motion filed by defendants in case 16cv05672 on November 3, 2017, in which defendants summarized that action as plaintiff's lawsuit against seven prison officials and employees at CSP-LAC in part: "Plaintiff alleges that Defendants have substantially burdened his exercise of Native American religion by relocating one of the prison's sweat lodge sites onto a recreation yard in order to accommodate the building of a new medical facility." In that action, plaintiff alleged that he had participated in Native American religious ceremonies with other Native American inmates at CSP-LAC Facility A's sweat

---

Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

lodge until approximately October 2014.  After the sweat lodge was relocated in July 2015, plaintiff alleged that the new location was unsuitable for the ceremonies.  (case 16cv05672, ECF No. 61 at 7-8; *see also* ECF No. 64 at 9-10.)  According to plaintiff's Complaint in case 16cv05672, plaintiff raised claims alleging violations of RLUIPA arising from the defendants' alleged failure to provide an acceptable location for the religious ceremonies, the Free Exercise Clause of the First Amendment arising from defendants Soto, Russell, and Lazar's failure to provide an acceptable place for plaintiff's exercise of his religion, and a claim under the First Amendment alleging retaliation arising from plaintiff's exercise of his rights to speech and petition the courts.  (*Id.*, ECF No. 2 at 17-18.)

**B.     Alleged breach of the Settlement Agreement in Case 16cv05672**

Plaintiff's Complaint in this action alleges that defendants "have breached the settlement agreement" (ECF No. 1 at 8), and he purports to raise his Fourth Claim for "Breach of Settlement Agreement" (*id.* at 30).  Plaintiff references specific provisions of a Settlement Agreement from case 16cv05672, and he alleges that provisions of the "Operations Manual" of the CDCR required that defendants take certain actions. (*Id.* at 8, 18, 30-31.)  Plaintiff seeks to have this Court declare that actions of "defendants" that allegedly continue to obstruct plaintiff's religious practices "are in breach of settlement agreement." (*Id.* at 32.)  Plaintiff did not attach a copy of the Settlement Agreement from case 16cv05672 that he references herein to his Complaint in this action.

The Court takes judicial notice of the official docket in case 16cv05672, which does not reflect that a Settlement Agreement was filed with the court in that action. Further, the "Stipulation of Voluntary Dismissal With Prejudice" in that action does not reference any settlement agreement.  (case 16cv05672, ECF No. 67.)  The stipulation in that case states that plaintiff and defendants "have resolved this case in its entirely."  (*Id.*)  The order dismissing the action with prejudice specifies that the action was dismissed "pursuant to the stipulation of the parties" in accordance with

7

Fed. R. Civ. P. 41(a)(1)(A)(ii), and it does not reference any settlement agreement. (*Id.*, ECF No. 68.) Accordingly, the court records from case 16cv05672 of which the Court has taken judicial notice reflect that any private settlement agreement entered into by plaintiff and the defendants in case 16cv05672 was not incorporated into the dismissal order in that action, nor is such settlement agreement subject to judicial enforcement in that action.

In general, a "district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). However, the Settlement Agreement alleged in plaintiff's current Complaint was not entered into in connection with the present case. Further, plaintiff's case 16cv05672 and this case both allege claims arising from prison conditions, and 18 U.S.C. § 3626 governs "[p]rospective relief in any civil action with respect to prison conditions." As relevant herein, pursuant to 18 U.S.C. § 3626(c)(2) and § 3626(g)(6), a private settlement agreement entered into by parties to a lawsuit with respect to prison conditions is "not subject to court enforcement," and the parties may raise a claim that "a private settlement agreement has been breached" in state court.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stevedoring Servs. of Am. Inc. v. Eggert*, 953 F.2d 552, 554 (9th Cir. 1992). To the extent that plaintiff intends to raise a separate claim herein that the Settlement Agreement that allegedly resulted in the dismissal of case 16cv05672 was breached by any defendant in this action, it is clear that the existence of an agreement that resulted in the dismissal of a case in federal court does not give rise to federal jurisdiction in a subsequent federal action. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380-81 (1994) (an agreement that is part of the dismissal of a case in federal court "is not a

sufficient basis for a federal court's jurisdiction"); *Hajro v. United States Citizenship & Immigration Servs.*, 811 F.3d 1086, 1099 (9th Cir. 2016) (a "district court does not have the inherent power to enforce the terms of a settlement agreement under the doctrine of ancillary jurisdiction"); *Harry v. Perkins*, 735 Fed. Appx. 296, 297 (9th Cir. 2018) (an alleged breach of the terms of a private settlement agreement reached in a prior action alleging a claim under RLUIPA against prison officials, absent more, is not enforceable in federal court). Here, it appears from the court records of which the Court has taken judicial notice that the dismissal stipulated to by the parties in case 16cv05672 did not contain an explicit retention of federal jurisdiction and a settlement agreement was not incorporated into the parties' stipulation for dismissal or the district court's order dismissing that action. *See, e.g., Kelly v. Wengler*, 822 F.3d 1085, 1095 (9th Cir. 2016) (the stipulation for dismissal explicitly incorporated the parties' settlement agreement, the settlement agreement was attached as an exhibit to the stipulation, and in the agreement "the parties agreed the district court would retain ancillary jurisdiction to enforce the agreement"); *Kokkonen*, 511 U.S. at 381; *Kang v. Harrison*, 789 Fed. Appx. 68, 69 (9th Cir. 2019) (where a district court's dismissal order contained an explicit provision retaining jurisdiction to enforce a settlement agreement, the provision was sufficient to confer subject matter jurisdiction upon that district court to enforce the parties' settlement agreement) (now citable for its persuasive value pursuant to Ninth Circuit Rule 36-3). Because the dismissal order in case 16cv05672 dismissed that action with prejudice without retention of federal jurisdiction, federal jurisdiction over the parties' dispute in that action terminated upon its dismissal on June 11, 2018. (*See* case 16cv05672, ECF No. 68.)

Accordingly, it appears that plaintiff's allegations that the defendants in case 16cv05672 breached a Settlement Agreement in that action must be raised in state court. *See* 18 U.S.C. § 3626(c)(2).

## C. Official Capacity Claims

Plaintiff names each defendant, all of whom appear to be officials or employees of the CDCR, in his or her official capacity. (ECF No. 1 at 3-4, 10-12.) Further, plaintiff appears to seek damages against all defendants. (*Id.* at 6, 32.)

The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities or agencies, unless either the State consents to waive its sovereign immunity or Congress abrogates it. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). In addition, "the eleventh amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, i.e., money damages." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988). To overcome this Eleventh Amendment bar, the State's consent or Congress' intent must be "unequivocally expressed." *Pennhurst*, 465 U.S. at 99. While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. *See BV Engineering v. Univ. of Calif., Los Angeles*, 858 F.2d 1394, 1396 (9th Cir. 1988). Finally, Congress has not repealed state sovereign immunity against suits brought under 42 U.S.C. § 1983.

Accordingly, plaintiff is barred by the Eleventh Amendment from seeking damages from any employee of the CDCR in his or her official capacity.

## D. Rule 8

The Court finds that plaintiff's Complaint violates Rule 8 in that the Complaint fails to allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and which factual allegations give rise to each claim.

First, the Complaint is confusing: it contains two caption pages, two lists of defendants, two requests for relief, two signatures pages (with different dates); and plaintiff repeats some general allegations in multiple places (*e.g.*, plaintiff is a

"practitioner of traditional Native American religion and is an inmate leader of Native American Sweat Lodge Ceremonies at the Facility 'A' yard at CSP-LAC" (ECF No. 1 at 8, 10, *see also* 13-15)). Additionally, the Complaint includes lengthy factual allegations concerning Native American religious ceremonies and the history of such ceremonies at CSP-LAC in general, and since October 2014 in particular (*see id.* at 8-9, 13-18, 20-21); a discussion of the Settlement Agreement in case 16cv05672 (*id.* at 8-9, 18); and numerous unsupported and conclusory allegations concerning general practices at CSP-LAC that fail to reference specific dates or defendants (*see, e.g., id.* at 9, 19-21). None of these allegations is clearly relevant to the federal civil rights claims that plaintiff appears to be raising in this action. Plaintiff's extensive and repetitive allegations concerning incidents that occurred on unspecified dates and involve unspecified individuals renders it extremely difficult for the Court to discern what factual allegations in the 32-page Complaint pertain to each of the three claims arising under federal law that plaintiff alleges in this action against four defendants. Moreover, in determining if the Complaint states a plausible claim on which relief may be granted, the Court first discounts plaintiff's conclusory statements, "which are not entitled to the presumption of truth." *Salameh*, 726 F.3d at 1129.

Further, plaintiff incorporates all of his allegations and prior claims into each of his three federal claims, and he appears to be raising each claim against all named defendants. (ECF No. 1 at 27-29.) The Complaint, however, names one defendant who is not employed at plaintiff's institution (CSP-LAC), as well as the Warden of CSP-LAC. Plaintiff does not set forth any specific factual allegations concerning Secretary Diaz or Warden Johnson.

In order to state a federal civil rights claim against a specific defendant, plaintiff must allege that the defendant deprived him of a right guaranteed under the United States Constitution or a federal statute, and that the "deprivation was committed by a person acting under color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a constitutional right, within the

11

meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis and alteration in original). Here, plaintiff's Complaint does not set forth factual allegations that each named defendant took an affirmative act, participated in another's affirmative act, or omitted to perform an act that plaintiff alleges caused each of his three federal civil rights claims. Rather, plaintiff includes only conclusory allegations such as that Warden Johnson "failed to respect" plaintiff's religious beliefs and "has sanctioned numerous policies that burden [plaintiff's] free exercise" of his religion. (ECF No. 1 at 11.)

In addition, plaintiff references various requirements of CDCR's operations manual and the California Penal Code. (*Id.* at 16, 18.) To the extent that plaintiff may be attempting to allege a claim herein arising from a violation of state law or prison regulations, a claim that arises under state law fails to allege a deprivation of a federal constitutional right.

Further, plaintiff's Complaint sets forth factual allegations concerning events that began in 2014 and specifically includes allegations concerning "events starting before the Settlement Agreement." (ECF No. 1 at 16 (capitalization altered from original).) Plaintiff's Complaint, however, fails to clearly set forth factual allegations concerning alleged actions taken by defendants or specific events that occurred after the Settlement Agreement in case 16cv05672. As discussed above, plaintiff's case 16cv05672 arose from similar alleged conduct by the then Secretary of the CDCR and officials at CSP-LAC, including the former Warden at CSP-LAC and current defendants Lazar and Lake. In his earlier case, plaintiff raised claims alleging violations of RLUIPA arising from the defendants' alleged failure to provide an acceptable location for the sweat lodge in 2015 and pursuant to the Free Exercise Clause of the First Amendment arising from defendants' alleged failure to provide an acceptable place for plaintiff's exercise of his religion. (*See* case 16cv05672, ECF

No. 2 at 17-18.) That case was dismissed with prejudice as to plaintiff's claims that these defendants violated plaintiff's right to free exercise of his religion and under RLUIPA. Pursuant to plaintiff's stipulation to dismiss his claims with prejudice in case 16cv05672, plaintiff is prohibited from stating claims herein that arise from the same factual allegations that already have been dismissed with prejudice in his earlier action in federal court. Accordingly, plaintiff's factual allegations concerning events that occurred prior to his voluntary dismissal with prejudice of case 16cv05672 in June 2018 fail to give rise to any claims in this action on which relief may be granted.

In addition, plaintiff's Complaint alleges a claim for "retaliation" in violation of the First Amendment. (ECF No. 1 at 29.) Plaintiff alleges that unspecified "[d]efendants retaliated against [plaintiff] for filing a lawsuit" and that "defendants obstructed [plaintiff's] attempts to exhaust the administrative remedies by rejecting several rounds of grievances." (*Id.*) Plaintiff also alleges that defendant Lake retaliated against him by "arbitrarily instituting various policies that substantially burden the exercise of [plaintiff's] beliefs." (*Id.* at 30.) Plaintiff does not specify which policies he alleges Lake instituted in retaliation for what type of protected conduct by plaintiff. Further, because plaintiff incorporates the first 75 paragraphs of his Complaint into a claim for retaliation that he raises against all defendants (*id.* at 29), it is difficult to discern which alleged adverse action by which defendant plaintiff is purporting to allege was taken because of plaintiff's protected conduct. An action taken by a correctional officer in retaliation for the exercise of an inmate's First Amendment right is actionable under § 1983. *See, e.g., Shepard v. Quillen*, 840 F.3d 686, 688 (9th Cir. 2016); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Filing a grievance with prison officials is protected activity under the First Amendment. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). However, to state a claim under the First Amendment against a specific defendant, plaintiff must set forth factual allegations showing that the defendant took adverse action against plaintiff because of plaintiff's protected conduct. Plaintiff alleges that

13

"defendants" retaliated for his lawsuit and grievances, by such actions as applying "arbitrary policies" and refusing to allow plaintiff to apply for a prison position, but plaintiff does not link any specific action by any defendant to a protected activity. (*See, e.g.*, ECF No. 1 at 9, 22-26.) Plaintiff's "naked assertion[s]" of retaliatory conduct are insufficient to allow each defendant to discern what facts apply to plaintiff's retaliation claim against each defendant. *See, e.g., Iqbal*, 556 U.S. at 678.

Finally, to the extent that plaintiff is purporting to allege a claim against Warden Johnson arising from his role as "chief executive officer of CSP-LAC" (ECF No. 1 at 11), supervisory personnel such as a warden are not liable under § 1983 on a theory of respondeat superior. *See, e.g., Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"); *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). Plaintiff sets forth no specific facts to raise a reasonable inference that Warden Johnson set "in motion a series of acts by others," or "knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011). Accordingly, the Complaint also violates Rule 8 because it fails to allege a minimum factual basis for plaintiff's claims against a supervisory defendant that is sufficient to give fair notice to such defendant of the grounds upon which those claims rest.

Because it is not clear what actions each defendant is alleged to have taken that caused any alleged deprivation of plaintiff's federal civil rights that is alleged to have occurred after the dismissal with prejudice of plaintiff's case 16cv05672, the Complaint fails to meet the minimal requirement of Rule 8 that a pleading allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). The Court is mindful that, because plaintiff is an inmate appearing *pro se*, the Court must construe the allegations of the

Complaint liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). In addition, the Supreme Court has held that, while a plaintiff need not plead the legal basis for a claim, the plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform the defendants of the factual grounds for each claim. *Johnson*, 135 S. Ct. at 347.

Accordingly, the Court finds that plaintiff's Complaint violates Rule 8 because it fails to set forth a simple, concise, and direct statement of the factual basis of each of plaintiff's federal civil rights claims against each defendant. If plaintiff wishes to state any federal civil rights claim against any named defendant, plaintiff should set forth each claim separately, stating his factual allegations for each claim against each defendant under the standards set forth above.

************

If plaintiff still desires to pursue this action**, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order**, remedying the pleading deficiencies discussed above. The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other pleading or document.

Plaintiff is admonished that, irrespective of his *pro se* status, if plaintiff wishes to proceed with this action, then he must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules").

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize.

In addition, if plaintiff no longer wishes to pursue this action, then he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or he fails to remedy the deficiencies of this pleading as discussed herein, then the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

**IT IS SO ORDERED**.

DATED: 3/19/2020

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachment: Form CV-066
　　　　　　　Form CV-009